IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY TAYLOR and HEATHER GOETZ, | ) ) ) |
| Plaintiffs | ) ) ) |
| v. | ) ) ) |
| SOUTHWESTERN PENNSYLVANIA HUMAN SERVICES, INC. *doing business as* ENHANCED SUPPORTIVE HOUSING, LISA LOMBARDO, THERESA KRALL, LYNDSAY BURRIK, and KATHLEEN AINSWORTH, *individually and in their official capacities, jointly and severally*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 2:22-cv-1229
Magistrate Judge Patricia L. Dodge

## **OPINION**[1]

Pending before the Court is a Motion to Dismiss (ECF No. 28) filed by Defendants, Southwestern Pennsylvania Human Services, Inc. (hereinafter "SPHS"), Lisa Lombardo, Theresa Krall, Lyndsay Burrik, and Kathleen Ainsworth in which they seek dismissal of the Amended Complaint (ECF No. 26) filed by Plaintiffs Amy Taylor and Heather Goetz.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Therefore, the undersigned has the authority to decide dispositive motions and enter final judgment.

1

For the reasons that follow, the Motion will be granted regarding Count III and otherwise denied as moot as to Counts I and II because the Court declines to exercise supplemental jurisdiction over these state law claims.

I.  **Background**

Invoking federal question jurisdiction (*see* ECF No. 1-1 at 1), Plaintiffs commenced this action on August 25, 2022 against Defendants alleging the following claims:

- Count I - Retaliation and Wrongful Termination in Violation of the Pennsylvania Whistleblower Law, 43 P.S. § 1421, *et seq.*, and the Adult Protective Services Act ("APSA"), 35 P.S. § 10210, *et seq.*
- Count II - Common Law Wrongful Termination
- Count III - Retaliation for Speaking on a Matter of Public Concern in Violation of 42 U.S.C. § 1983 and the First Amendment
- Count IV - Associational Discrimination and Retaliation in Violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et *seq.*
- Count V - Failure to Accommodate in Violation of the ADA and the PHRA

(ECF No. 1.)  Count IV and Count V of the Complaint are pled as "placeholders", which the Complaint characterizes as "Temporarily Withdrawn," because the claims have "not yet been administratively discharged and will be joined in litigation." (*Id.* at 27–28.)  Plaintiffs alleged in their Complaint that this Court has supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367(a). (*Id.* ¶ 9)

After Defendants filed a Motion to Dismiss (ECF No. 11), Plaintiffs were granted leave to amend their Complaint (ECF No. 25).  The Amended Complaint asserts the following claims:

- Count I - Retaliation, Intimidation, and Wrongful Termination in Violation of the APSA
- Count II - Retaliation and Wrongful Termination in Violation of the Pennsylvania Whistleblower Law
- Count III - Retaliation for Speaking on a Matter of Public Concern in Violation of 42 U.S.C. §1983 and the First Amendment of the United States Constitution

- <u>Count IV</u> - Associational Discrimination and Retaliation in Violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et *seq.*
- <u>Count V</u> - Failure to Accommodate in Violation of the ADA and the PHRA

(ECF No. 26.) Here again, Count IV and Count V of the Amended Complaint are pled as "placeholders" that are "Temporarily Withdrawn," because the claims have "not yet been administratively discharged and will be joined in litigation." (ECF No. 26 at 27.)

In response to the Amended Complaint, Defendants again filed a Motion to Dismiss, contending that the state law whistleblower claims (Count I and Count II) against the individual Defendants should be dismissed because the individual Defendants are not alleged to have received money from a public body. (ECF No. 29 at 4–6.) Defendants also argue that Plaintiffs' § 1983 claim (Count III) fails because Defendants are not state actors, or, in the alternative, because the comments were made pursuant to their official duties. (*Id.* at 6–11.) Finally, Defendants argue that Plaintiffs' assertion that all counts are pleaded pursuant to a "participation theory" under Pennsylvania law should be stricken because there is no such basis for individual liability. (*Id.* at 11–13.)

In their response to these arguments, Plaintiffs agreed to dismiss their § 1983 claim (Count III). (ECF No. 35 at 5.) Thus, the remaining claims at issue in Defendants' Motion to Dismiss are two state law claims (Count I - Retaliation, Intimidation, and Wrongful Termination in Violation of the APSA and Count II - Retaliation and Wrongful Termination in Violation of the Pennsylvania Whistleblower Law) and the request to strike the reference to the participation theory of liability.

## II.     The Court Declines to Exercise Supplemental Jurisdiction Over the Remaining State Law Claims

"A federal court may 'raise *sua sponte* subject-matter jurisdiction concerns' because 'courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt.'" *Greene v. Sloane*, 783 F. App'x 108, 110 n.2 (3d Cir. 2019) (citing *Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 76–77 (3d Cir. 2003)); *see* Fed. R. Civ. P. 12(h)(3).

Plaintiffs have consented to the dismissal of Count III, the only federal question claim in this case.[2] Thus, the only remaining claims in the Amended Complaint are state law claims.

"A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction unless considerations of judicial economy, convenience, or fairness to the parties provide an affirmative justification for exercising supplemental jurisdiction." *Patel v. Meridian Health Sys.*, 666 F. App'x 133 (3d Cir. 2016) (internal citations and quotations omitted). *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . [if] the district court has dismissed all claims over which it has original jurisdiction."); *Byrd v. Shannon*, 715 F.3d 117, 128 (3d Cir. 2014) (affirming dismissal of state law claims where district court dismissed all of the plaintiff's federal claims).

The Court is unable to discern any considerations that provide an affirmative justification for exercising supplemental jurisdiction in this case. This case is in its early stages. A case management order has not been issued and no discovery has taken place. The state law questions

---

[2] With respect to Count IV and Count V, "Plaintiffs must exhaust their administrative remedies before filing an ADA claim in federal court." *Simko v. U.S. Steel Corp.*, 992 F.3d 198, 204 (3d Cir. 2021). "While failure to file a timely charge may be a ground for dismissal, that pre-suit requirement does not implicate a district court's subject matter jurisdiction." *Id.* (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) and *see also Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019)). However, Plaintiffs clearly have indicated that such claims are not pending before this Court. (ECF No. 26 at 27 (characterizing these claims as "temporarily withdrawn" that "will be joined in litigation").) Thus, Count IV and Count V are of no impact on the Court's analysis of the issues of subject matter jurisdiction and supplemental jurisdiction.

at issue are resolvable in state court. Thus, there are no strong considerations of judicial economy at play.[3] Further, all parties are alleged to be located in Western Pennsylvania (ECF No. 26 ¶¶ 1–7) and "a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania" (*id.* ¶ 10). Thus, the Court is hard pressed to find that convenience and fairness to the parties mitigates in favor of exercising supplemental jurisdiction. As a result, the Court declines to exercise supplemental jurisdiction over the remaining state law claims in Counts I and II.

### III. Conclusion

For these reasons, Defendants' Motion to Dismiss will be granted with respect to Count III, which will be dismissed without prejudice as Plaintiffs have withdrawn this claim. Defendants' Motion to Dismiss will otherwise be denied as moot as to Counts I and II, because the Court declines to exercise supplemental jurisdiction over these state law claims and as such, Counts I and II will be dismissed without prejudice.

An appropriate Order follows.

Dated: December 28, 2022                    BY THE COURT:


/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE

---

[3] Even assuming that the Court may consider the "temporarily withdrawn" Counts IV and V, the Court finds that judicial convenience would not be served by proceeding with the state law claims and waiting for the Count IV and/or Count V to be joined later. First, these Counts involve a subset of the parties—one Plaintiff, Heather Goetz, against one of the Defendants, SPHS. Second, Counts IV and V relate to issues of disability as opposed to the whistleblower issues in Counts I through III. Moreover, depending on when Plaintiffs seek to join these claims, it is unclear if Plaintiffs would be granted leave to join such claims depending on the stage of the litigation when the administrative exhaustion occurs. *See* Fed. R. Civ. P. 15(a)(2); Fed. R. Civ. P. 16(b)(4).